IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINE COOK, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC; and DOES 1 through 10 Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE** <br><br> Case No. 2:21-cv-00367 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

On April 12, 2021, Plaintiff Christine Cook filed this action against Portfolio Recovery Associates, LLC, and ten unnamed persons in the Southern District of California. *See* Dkt. No. 1. The case was transferred to this court on June 10, 2021. *See* Dkt. No. 7.

On June 15, 2021, the Clerk of Court notified Ms. Cook's counsel that he needed to be admitted *pro hac vice* to appear on her behalf in this action. *See* Dkt. No. 9. In the following three months, neither Ms. Cook nor her counsel have taken any steps to prosecute this action. On September 9, 2021, Magistrate Judge Bennett issued an order requiring Plaintiff to "show cause why this case should not be dismissed for failure to prosecute." Dkt. No. 12 at 2. Ms. Cook was ordered to respond by September 24, 2021 and "inform the court of the status of this case and her intentions to proceed." *Id*. Plaintiff was warned that "[f]ailure to do so may result in dismissal of this action." *Id.* As of October 26, 2021, Plaintiff has not responded to this order in any way.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss

actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff failed to respond in any way to the Clerk's notice of requirements for appearance or Judge Bennett's order to show cause why this action should not be dismissed for failure to prosecute. Indeed, since the case was transferred to this court, Plaintiff has neither made any filings nor communicated with the court at all. And Plaintiff's silence and inaction has persisted

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although the court dismisses this action without prejudice, the court finds that these factors would support dismissal with prejudice, especially given Plaintiff's failure to respond to the court's orders—including its order to show cause why this action should not be dismissed for failure to serve or failure to prosecute.

despite clear notice that failure to respond to the court's show cause order "may result in dismissal of this action." Dkt. No. 12 at 2.

The court thus finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court will accordingly dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal will be without prejudice.

\*    \*    \*

**IT IS THEREFORE ORDERED THAT**:

1.  Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders and for failure to prosecute;

2.  The Clerk of the Court shall terminate Civil Action 2:21-cv-00367; and

3.  Each party shall bear its own costs.

DATED this 26th day of October, 2021.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

3